UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA ISABEL GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 04 C 3906 |
| ) | |
| ILLINOIS DEPARTMENT OF CHILDREN ) | Judge John W. Darrah |
| AND FAMILY SERVICES, PATRICIA DAVIS, ) | |
| CHARLES BOWDEN, TOM PUTTING, ) | |
| JESS McDONALD, AND YVONNE SALES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Maria Isabel Garcia, filed suit against Defendants, the Illinois Department of Children and Family Services ("the Department"), Patricia Davis, Charles Bowden, Tom Putting, Jess McDonald, and Yvonne Sales. Count I alleges disability discrimination in violation of the American with Disabilities Act ("ADA"). Count II alleges religious discrimination in violation of Title VII. Count III alleges retaliation in violation of the ADA and Title VII. Presently before the Court is Defendants' Motion to Dismiss Counts I, II, and III of Plaintiff's First Amended Complaint.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule

of Civil Procedure 9, not here applicable. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The allegations, for the purposes of this motion, are as follows. Plaintiff was employed with the Department. During her employment, Plaintiff was harassed and eventually suspended. Thereafter, Plaintiff, without the assistance of an attorney, filed a charge with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission. The charge alleges that Plaintiff suffered discrimination because of a perceived mental handicap. The charge also provides that:

> From June, 2002, and continuing until April 12, 2002, I was harassed. The harassment consisted of Yvonne Sales, Supervisor, yelling and screaming at me; accusing me of making religious gestures in the workplace then calling me into a meeting to discuss said issues.

After Plaintiff filed her charge, the Department discharged Plaintiff.

## ANALYSIS

Defendants seek to dismiss Count I, the ADA claim, because they are immune from suit. Defendants seek to dismiss Count II and III because those counts are not reasonably related to the issues raised in Plaintiff's administrative charge.

2

Plaintiff and Defendants both agree that Count I may not be brought against the Department because it is immune to suit under the Eleventh Amendment. *See* 745 ILCS 5/1; *Bruggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003) (*Bruggeman*). Plaintiff also concedes that a recent amendment authorizing suits against the State of Illinois for ADA violations is not applicable. 745 ILCS 5/1.5(d); *Blalock v. Illinois Dep't of Human Servs.*, 349 F. Supp. 2d 1093, 1096 (N.D. Ill. 2004). Plaintiff and Defendants agree that Plaintiff can bring a suit seeking injunctive relief against individually-named defendants in their official capacities under *Ex Parte Young*, 209 U.S. 123 (1908). However, Defendants contend that only the Director of the Department, who is not named in the suit, has the authority to grant Plaintiff her requested injunctive relief. Accordingly, Count I is dismissed without prejudice to file an amended complaint.

Defendants also seek to dismiss Count II, a claim alleging religious discrimination in violation of Title VII, because it is not reasonably related to her administrative charge. "A plaintiff may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the charges contained in the EEOC complaint." *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996) (*Cheek*). A two-part test is used to determine if the allegations fall within the scope of the charges in the EEOC complaint. First, the allegations must be like or reasonably related to those in the EEOC complaint. If those allegations are related, "the court asks whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Cheek*, 97 F.3d at 202. However, charges may be "so related and intertwined in time, people, and substance that to ignore that relationship for a strict and technical application of the rule would subvert the liberal remedial purposes of the

Act." *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003).

Here, the plain language of Plaintiff's charge states that she was accused of making religious gestures in the workplace and was then called into a meeting to discuss that issue. Reading this statement liberally, Plaintiff sufficiently alleged in her charge that she suffered religious discrimination to enable the administrative agencies to develop Plaintiff's current claim for religious discrimination.

Finally, Plaintiff and Defendants also agree, to the extent Count III of Plaintiff's Complaint alleges that Plaintiff suffered retaliation for filing her charge, that claim is proper. *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 482 (7th Cir. 1996).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Counts II and III of Plaintiff's First Amended Complaint is denied. Count I is dismissed without prejudice to file an amended complaint within thirty days of the entry of this order.

Dated: April 13, 2005

JOHN W. DARRAH
United States District Judge

4